Scott S. McKessy (SM-5479)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendant Compunetix, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EAGLE TELECONFERENCING SERVICES,INC.,:
                                                    :
                                    Plaintiff,      :
                                                    :
            - against -                             :
                                                    :
COMPUNETIX, INC.,                                   :
                                                    :
                                    Defendant.      :
-------------------------------------------------------------X

**JUDGE BUCHWALD**

**07 CIV    7827**

Civil Action No.

**NOTICE OF REMOVAL**

RECEIVED
SEP 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Compunetix, Inc. ("Compunetix"), by its

counsel Reed Smith LLP, hereby removes to this Court the state court action described below.

1.     On or about August 3, 2007, plaintiff Eagle Teleconferencing Services, Inc.

("Eagle") commenced an action in New York State Supreme Court, County of New York, Index

No. 602623/07.  A true and correct copy of the Summons and Complaint is annexed hereto as

Exhibit A.

2.     On or about August 6, 2007, plaintiff served the Summons and Complaint upon

defendant by delivering a copy to Compunetix's offices in Pennsylvania.

3.     This action is a civil action of which this Court has original jurisdiction under 28

U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b)

in that it is a civil action between citizens of different states and the matter in controversy

exceeds the sum of $75,000, exclusive of interest and costs.

4.      The state court where this action was originally filed is located in New York, New York, which is this judicial district as required by 28 U.S.C. § 1441(a).

5.      At the time this action was commenced, plaintiff alleges it was a New York company with its principal place of business in New York.

6.      At the time this action was commenced, Compunetix was, and still is, a Pennsylvania corporation with its principal place of business in Pennsylvania.

7.      The complaint in this action seeks damages for breach of contract, recission, and breach of implied warranties in the amount of $2.0 million.

8.      This Notice is timely as it is being filed within 30 days of service and initial receipt by Compunetix of the Summons and Complaint.

9.      Accordingly, the statutory requirements having been met, this action is properly removed to this Court.

10.      Promptly upon the filing of this Notice, Compunetix will file a copy of this Notice with the Clerk of the State Court, and is giving written notice of this removal to plaintiff.

**WHEREFORE**, defendant Compunetix. respectfully requests that the aforementioned civil action commenced against it be removed to this Court for all future proceedings.

Dated:      New York, New York
            September 5, 2007

                              REED SMITH LLP

                              By:_____
                                   Scott S. McKessy (SM-5479)
                                   599 Lexington Avenue
                                   New York, New York 10022
                                   Tel. (212) 521-5400
                                   Fax. (212) 521-5450

                              Attorneys for Defendant

TO:      Harry J. Friedberg, Esq
            551 Firth Avenue – Suite 515
            New York, New York 10176

            Attorneys for Plaintiff

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 602623/07

DATE FILED AUGUST 3, 2007

EAGLE TELECONFERENCING SERVICES, INC.

PLAINTIFF,

-against-

COMPUNETIX, INC.

DEFENDANT.

Plaintiff designates
New York County as the
place of trial. The basis of the
venue is Plaintiff resides in
New York.

SUMMONS

Plaintiff resides at:
142 E. 39th Street, New York,
NY 10016

To the above named Defendant:

*You are hereby summoned* to answer the complaint in this action and to
serve a copy of your answer, or if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgement will be taken against you by default for the relief
demanded in the complaint.

DATED: New York, New York
August 1, 2007

Attorney for Plaintiff,

Harry I. Friedberg, Esq.
551 Fifth Avenue - Suite 515
New York, New York 10176
(212) 867-0755

Defendant's address:
2420 Mosside Boulevard
Monroeville, PA 15146

NEW YORK
COUNTY CLERK'S OFFICE

AUG 03 2007

NOT COMPARED
WITH COPY FILED

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

------------------------------------------------------x

EAGLE TELECONFERENCING SERVICES, INC.

                          Plaintiffs,                         COMPLAINT

                                                              Index No. _____

            against

                                                              Assigned Judge:

COMPUNETIX, INC.,


                          Defendant.

------------------------------------------------------x

        Plaintiffs, by their attorney, Harry J. Friedberg, Esq., complaining of the

Defendants, alleges:

                              THE PARTIES


    1.      Plaintiff, Eagle Teleconferencing Services, Inc. ("Eagle"), is a corporation

            organized under the laws of the State of New York, with its principal offices

            at 142 East 39th Street, in the City, County, and State of New York.

    2.      Defendant, Compunetix, Inc. ("Compunetix") is, upon information and

            belief, a corporation doing business in Pennsylvania, with a principal office

            in Monroeville, Pennsylvania 15146.

                                 VENUE

    3.      Venue is proper in New York County in that Plaintiff Eagle

                                      1

Teleconferencing Services, Inc. has offices located at 142 East 39th Street, in New York County and New York City.

## THE FACTS

4.   On or about September 6, 2006, by purchase order, Eagle sought to purchase from Compunetix a system, including equipment rationalizing that system, for conference call service provider business.

The purchase price was set at $449,500.00.  Eagle paid Compunetix a down payment of one hundred thousand ($100,000.00) dollars and one subsequent payment of twenty four thousand one hundred thirty eight and 88/000 ($24,138.88) dollars.

5.   Specifications for the equipment to activate the system were contained in the purchase order and in a letter agreement signed by the parties on, or about September 12, 2006.[Copies of the purchase order and the letter agreement are herewith appended, as Exhibit "A".

6.   At all times surrounding the agreement, Compunetix, and its officers and agents, were well aware, in detail, of the system's intended purpose, because Plaintiff's president had been crystal clear in describing Plaintiff's needs for the system and equipment he wanted and needed for the above-described purpose. Ensuing conversations and documents

2

confirmed the said needs for the system to be supplied by Defendant.

7.    At all times relevant herein, Compunetix averred and reiterated that it
understood at once and continually Plaintiff's purpose in buying the
equipment *as a system*.

8.    On or about October 20, 2006, and November 27, 2006,  Compunetix
delivered the  equipment, styled as set forth in Exhibit A.

9.    Upon attempting to utilize the Compunetix system delivered to Eagle,
Eagle's staff encountered a series of difficulties intrinsic to the equipment
and retrograde to the purpose of the system.

10.    As memorialized in a letter, dated July 16, 2006, from the attorney for
Compunetix, Ansel M. Schwartz, Esq. to the attorney for Eagle, between
the delivery dates of October 20, 2006 and November 27, 2006 and June
29, 2006, Compunetix attempted to repair and adjust the equipment to
comport with the system's purpose.  Although couched in terms of non
contractual acts of good will, the continuing conduct of Compunetix
demonstrates that at each stage of their attempted (or further promised)
repairs and replacements, they were not merely attempting to be gracious
but to meet Plaintiffs' known system needs.

11.    Mr. Schwartz's letter was written in response to a letter, dated June 29,
2007, sent to Compunetix by Plaintiffs' then attorney, Edward I. Sumber,
Esq.  There are ten (10) specifics of numerous other complaints well

3

known to the parties.  Failure by Compunetix satisfactorily to replace these equipment malfunctions, dysfunctions, and non functions rendered the equipment and the system totally useless for Eagle's well-known purpose and for any related purpose.

(A)     The playback option is non functional, customers cannot play recording to callers

(B)     Compunetix's equipment does not jibe, as promised, with Avaya equipment.

©     The pass code validation system is not working.

(D)     Compunetix's equipment produces duplicate pin codes, thus allowing multiple corporations to get mixed up conversations, which is unacceptable to any and every Eagle customer or potential customer.  As callers were being placed into someone elses conference calls and vice-versa.

(E)     There are duplicate billing codes.

(F)     The Contexweb is not working and was not repaired as promised.

(G)     Compunetix's equipment, indeed, its system as a whole,

4

cannot handle the number of reservations required for
scheduling.

(H)    Contrary to Compunetix's representations, only one operator
can be logged in at one time.

(I)    While calls are shown as complete in the RSB format, they
do not transfer to the WOC format.

(J)    The calls are not being validated after midnight, where the
call was scheduled to begin at 11:55 p.m., but a caller did not
dial until 12:01 a.m.

12.    The aforementioned letter from Mr. Sumber to Compunetix, dated June 29,

2007, observed that the equipment purported to be sold

by Compunetix to Eagle was hopelessly and totally inadequate; therefore,

the contract of sale would stand rescinded.  In addition Compunetix failed

to install, within six (6) months from the initial installation,  HYBRID VOIP

technology as referred to in the letter agreement, and purchase order

contained in Exhibit A.

FIRST CAUSE OF ACTION

(Rescission)


13.    Plaintiffs repeat each and every allegation contained in Paragraphs 1

through 13, as if more fully set forth herein.

14.    By delivering faulty equipment and failing to repair or replace that

equipment, rendering it useless for the agreed purpose, Defendant has

5

breached the contract in a manner so substantial and fundamental as to
strongly tend to defeat the object of the parties in making the contract.

15.     In consequence of which Plaintiffs are entitled to damages for the injury to
them caused by the Defendant, and to be put back into the position they
were before they made the contract, including, but not limited to the return
of the one hundred twenty four thousand one hundred thirty eight and
88/00 dollars ($124,138.88) dollars they paid to Defendant, plus interest.

16.     In addition, to said damages, Plaintiffs are seeking rescission of the above-
referenced agreements.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

17.     Plaintiffs repeat each and every allegation contained in Paragraphs 1
through 16, as if more fully set forth herein.

18.     Defendant contracted with Plaintiffs to provide equipment for a system for
automated or unattended conference calling business.  Defendant was
well aware of the purpose of the system, because Eagles's president had
made that purpose crystal clear to the Defendant.

19.     Within a reasonable time, Plaintiffs attempted to utilize the equipment
provided; however, they discovered, upon close inspection, that there were
crucial elements of the system that did not function as promised.

20.     Plaintiffs relied upon repeated representations by Compunetix that the
system could be put into working order through repairs and replacements

6

made at equipment location and Eagle's premises.  None of the attempts made by Defendant, through its authorized agents, between from the date of installation  and June 29, 2007, to render the system operable were successful.

21.     Defendant has thus breached its contract with Plaintiffs, in consequence of which Plaintiffs have been damaged in their business through the loss of established and new customers and have been deprived of the monies paid to the Defendant, as quoted above.  Plaintiffs have suffered incidental and consequential damages, as well.

### THIRD CAUSE OF ACTION

### (Breach of Express Warranty)

22.     Plaintiffs repeat each and every allegation contained in Paragraphs 1 through 21, as if more fully set forth herein.

23.     Defendant expressly warranted that the equipment it provided to Plaintiffs would be free from manufacturing defects in materials and workmanship.

24.     Plaintiffs have complied with all the terms of the warranty.  Although Defendant purported to attempt repairs at Eagle's premises, those efforts failed.  Plaintiffs have shipped all of the equipment back to the Defendant.

25.     Plaintiffs were the intended beneficiaries of the express warranty.

26.     The equipment sent to Plaintiffs by Defendant was rife with manufacturing

defects in materials and workmanship, as evidenced by correspondence and communications complaining of such defects.

27.    As evidenced by the communications set forth in Paragraph 26, *supra*, and the aforementioned letter, dated June 29, 2007 from Plaintiffs then attorney, Edward I. Sumber, Esq., Defendant was duly notified of the breach.

28.    In consequence of which, Plaintiffs seek damages for having been injured in their business by loss of established and new customers; Plaintiffs have been deprived of the monies paid to Defendant, as quoted above, and Plaintiffs have suffered incidental and consequential damages.

### FOURTH CAUSE OF ACTION

(Breach of Implied Warranties of Merchantability and for a Specific Purpose)

29.    Plaintiffs repeat each and every allegation contained in Paragraphs 1 through 28, as if more fully set forth herein.

30.    Compunetix was the seller of the equipment in question and Plaintiffs were the purchaser.

31.    Defendant is typically a seller of such equipment.

32.    Defendant knew of the equipment defects, not apparent on inspection, and failed to disclose them.

33.    Defendant knew that the equipment was supposed to achieve Plaintiff's specified purpose, namely to reroute telephone calls into assigned conference calls with specific PIN number in the most expeditious and state-of-the-art manner.

8

34.   The Defendant not only failed to disclose the defects in the equipment, the Defendant asserted that it could bring the equipment into line with its intended purpose, through a series of repairs and replacements, when all the while Defendant knew that its purported efforts constituted an exercise in futility.

35.   In consequence of which, Plaintiffs have been damaged, and have demanded payment , of the losses incurred because Plaintiffs lacked the proper equipment.

36.   A typical remedy will fail of its essential purpose if the implied warranties of merchantability and for a specific purpose were excluded herein because the entire objective of the contract was to provide the very service to which the implied warranties pertain.  Moreover, due to the fact that Defendant caused Plaintiffs to rely upon its promises of repair and replacement, which were not adequately forthcoming, Plaintiffs' potential loss of business was plainly foreseeable to Defendants; therefore, denial of consequential damages would be, in this instance, truly unconscionable.

37.   Plaintiffs have demanded of Defendant damages for injuries as described in this Complaint.

38.   No previous request pertaining to any of the matters herein has been made to any court.


WHEREFORE,

•    Upon the First Cause of Action, Plaintiffs demand judgment rescinding the

9

within contract, together with return of the one hundred twenty four thousand one hundred thirty eight and 88/000 ($124.138.88) dollars paid to the Defendant, plus interest, plus ancillary and collateral damages as will be proved at trial, together with the costs and disbursements of this action;

- Upon the Second Cause of Action, Plaintiffs demand judgment in an amount to be proved at trial, including consequential damages, and the return of the one hundred twenty four thousand one hundred eighty eight and 88/000 ($124,138.88) dollars paid to Defendant, plus interest, but not less than an aggregate amount of two million ($2,000,000.00) dollars, together with the costs and disbursements of this action;

- Upon the Third Cause of Action, Plaintiffs demand judgment in an amount to be proved at trial, including consequential damages, and the return of the one hundred twenty four thousand one hundred thirty eight and 88/000 ($124,138.88) dollars paid to Defendant, plus interest, but not less than an aggregate amount of two million ($2,000,000.00) dollars, together with the costs and disbursements of this action;

- Upon the Fourth Cause of Action, Plaintiffs demand judgment in an amount to be proved at trial, including consequential damages, and the return of the one hundred twenty four thousand one hundred thirty eight and 88/000 ($124,138.88) dollars paid to Defendant, plus interest, but not less than an aggregate amount of two million ($2,000,000.00) dollars, together with the costs and disbursements of this action;

10

• All together with such other, further, and different relief as this Court shall deem just and proper.

Harry J. Friedberg
Attorney for the Plaintiffs
551 Fifth Avenue, Suite 515
New York, New York 10176
(212) 667-0755

11

MAY-15-2007 TUE 03:34 PM COMPUNETIX INC                FAX NO. 4128581189                    P. 02

# Compunetix, Inc.

Communications Systems Division
2420 Mosside Boulevard, Monroeville, Pennsylvania 15146
Phone: 412-373-8110 Fax: 412-373-6990 CSDSales@compunetix.com
Confidential/Proprietary
Quote for CONTEX Summit® (U.S. Version)
September 6, 2006

Prepared for: **Eagle Teleconferencing Services, Inc.**          Quote #: C00406018JB5

| Qty | P/N | Item Description | Unit List Price | Extended Price | DISC % | Unit Discount Price | Extended Total Price |
|---|---|---|---|---|---|---|---|
| 1 | 00-89ZX-1152-DAT | 1,152 Port CONTEX Summit® System - AC | $1,407,744.00 | $1,407,744.00 | 69.3% | $432,000.00 | $432,000.00 |
| 1 | 00-Cost | Hybrid Option to Convert to VoIP | $10,000.00 | $10,000.00 | NA | $10,000.00 | $10,000.00 |
| | | **Subtotal** | | $1,417,744.00 | 100.0% | | $442,000.00 |
| 1 | 20-3600-RSB-2760-00 | PC Server Platform RSB S/W (Includes one seat, server not included) | $24,000.00 | $24,000.00 | 100.0%[1] | $0.00 | $0.00 |
| 1 | 20-3600-WEB-480A | CONTEX Web - One Bridge (Server not included) | $15,000.00 | $15,000.00 | 100.0%[1] | $0.00 | $0.00 |
| 1 | 20-3600-WEB-16 | CONTEX Web (16 User License) | $8,000.00 | $8,000.00 | 68.5%[1] | $2,500.00 | $2,500.00 |
| 8 | 20-3600-WEB-B | CONTEX Web - Each Additional License | $500.00 | $4,000.00 | 100.0%[1] | $0.00 | $0.00 |
| | | **Subtotal** | | $51,000.00 | | | $2,500.00 |
| 1 | 07-2516-ISS | Installation (per system)[2] | $8,750.00 | $8,750.00 | 42.9%[1] | $5,000.00 | $5,000.00 |
| 2 | 07-2516-ISS | Operator Training (per seat)[2] | $875.00 | $1,750.00 | 100.0%[1] | $0.00 | $0.00 |
| 1 | 00-Cost | Original Limited Warranty (per year)[3] | $0.00 | $0.00 | | $0.00 | $0.00 |
| 3 | 00-Cost | Enhanced Post Warranty Maintenance (for this configuration, per year, based on yearly rate of 12% of sale price of system excluding services)[3] | $53,340.00 | $160,020.00 | 100.0%[1] | $0.00 | $0.00 |
| | | **Subtotal** | | | | | $5,000.00 |
| | | **TOTAL** | | | | | $449,500.00 |

**CONTEX Summit® System includes:** One (1) CONTEX Summit® node with shelf (includes one (1) each of CPIO Front and Rear module, VS Front module, AE Front and Rear module and the appropriate number of line interface front and rear modules for the configuration ordered); two (2) CONTEX Summit® Maintenance Client Software License (PC not included); two (2) Windows Operator Console Software Licenses (PC and phone not included); one (1) CONTEX Summit® VS Front module, one (1) CONTEX Summit® Documentation CD; one (1) year limited warranty.

**Please Note:** Pricing and/or terms provided herein apply to this offer only and do not imply future pricing and/or terms.

**Please Note:** Compunetix, Inc. will retain ownership of and lease at no charge an Edgelink 160 M13 T1/E1 system for T1 PSTN connectivity until the new Line Interface Rear Module (VoIP only) is available and exchanged.

[1] Special consideration for this offer only.
[2] Plus total travel and expenses at cost.
[3] This maintenance applies solely to CONUS located CONTEX Summit Systems. Remote access from Compunetix offices via TCP/IP connections required. All maintenance includes remote support as required and on site hardware replacement (including T&E) as diagnosed via remote support.
Please reference Quote#: C00406018JB5 on purchase order.

Approval: _____

MAY-15-2007 TUE 03:34 PM COMPUNETIX INC          FAX NO. 4128581189          P. 03

**Compunetix, Inc.**
Communications Systems Division
2420 Mosside Boulevard, Monroeville, Pennsylvania 15146
Phone: 412-373-8110 Fax: 412-373-6990 CSDSales@Compunetix.com
Confidential/Proprietary
September 6, 2006

## STANDARD SYSTEM PRICING TERMS AND CONDITIONS

- All prices quoted are in \$US and are valid for 45 days from the date of this quotation.
- In the event Compunetix is delayed by the customer in completing the installation and/or training, additional days will be charged at \$1,750/day + expenses.
- The system will be deemed accepted upon a successful Acceptance Test Plan, or successful initiation of production operation, which ever comes first.
- In the event that system installation is not completed within 90 days from system shipment, due to no fault of Compunetix, customer shall be invoiced and obligated to make all final system payments upon expiration of the 90 day period.
- No items purchased from Compunetix, Inc. (i.e. documentation, software and/or hardware) may be resold or transferred to a third party without Compunetix' written consent.
- In no event shall Compunetix, Inc. be liable for any indirect, exemplary, incidental or consequential damages arising out of or otherwise relating to the performance or operation of the equipment quoted herein.
- Pricing is based on the customer providing network interfaces (i.e, CSUs, Echo Cancellors, Analog interfaces for operation, recorders, music, connections,etc.), if necessary, unless otherwise specified herein.
- Pricing is based on the customer providing the entire cable plant for both the network interface (i.e., T1/E1's) and the operator consoles. Dedicated operator consoles must be located within 1000 feet of the central equipment. Remote operator consoles can be connected via dedicated or dial-up facilities. Network interface to the remote operator consoles (i.e., multiplexors, modems, etc.) are the responsibility of the customer unless otherwise specified herein.
- Title and ownership of equipment transfers to customer upon final payment (i.e., 100% payment has been made) by customer to Compunetix, Inc. for all systems supplied.
- Compunetix will hold Eagle Teleconferencing Services, Inc. harmless from any patent or trademark infringements in relation to using Compunetix equipment or software.
- Payment Terms for Equipment:
  $100,000 Due Five (5) Days Prior to Shipment:
  Balance to be paid in eighteen (18) monthly installments beginning one month from date of system installation.
- Payment Terms for Services: 100%, Upon Completion of Services
- FOB: Monroeville, PA, All freight charges, any applicable custom duties, VAT taxes, carnet fees, etc. are to be borne by the Customer.
- Delivery 6-8 Weeks ARO (After Receipt of Order); Hybrid VoIP exchange to be scheduled.

## ORIGINAL LIMITED WARRANTY

Compunetix, Incorporated guarantees its equipment is free from workmanship defect & material and/or workmanship for a period of one year from date of original purchase, or from date of installation catcever if catcever occurs within ninety days of delivery to purchaser, when used in compliance with directions as outlined in the Manufacturers instructions, which will consume reasonable and necessary care.

To be covered under this warranty, repairs must be made by returning the unit(s) postage prepaid to Compunetix, Incorporated at the address shown above or to the address of any authorized service center. In the event of failure covered under this warranty, the repaired or replaced unit will be returned by Compunetix, Incorporated without charge. Compunetix, Incorporated reserves the right of final decision in regard or exchange with a this unit. This warranty does not cover field service. Contact Compunetix, Incorporated or its authorized agent for instructions prior to returning any material for repair or replacement. Compunetix, Incorporated recommends that all returns be insured against shipping damage or loss.

COMPUNETIX, INCORPORATED MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER RELATING TO THIS PRODUCT, INCLUDING THE CONDITION OF THE PRODUCT, ITS MERCHANTABILITY OR ITS FITNESS FOR ANY PARTICULAR PURPOSE except to the extent that a warranty is otherwise identified above. Compunetix, Incorporated liability being expressly limited to the replacement or credit for the value of the defective material. No responsibility is assumed for incidental or consequential damages nor damage due to misuse or the use of any unauthorized attachment, not assumption of responsibility for damage by use of an unspecified electrical circuit. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above exclusion may not apply.

Warranty is void:
1. If the product is subjected to service or installation by anyone other than Compunetix, Incorporated, or authorized personnel.
2. If unauthorized modifications are made to the equipment or software.

Please reference Quote#: C0040601B3B5 on purchase order.

Approval: _____

Page 2 of 2

## Compunetix, Inc.

Communications Systems Division
2420 Mosside Boulevard, Monroeville, Pennsylvania 15146
Phone: 412-373-8110 Fax: 412-373-6990 CSDSales@Compunetix.com
Confidential/Proprietary
September 6, 2006

### STANDARD SYSTEM PRICING TERMS AND CONDITIONS

All prices quoted are in $US and are valid for 45 days from the date of this quotation.

- In the event Compunetix is delayed by the customer in completing the installation and/or training, additional days will be charged at $1,750/day + expenses.
- The system will be deemed accepted upon a mutually executed Acceptance Test Plan, or successful initiation of production operation, which ever comes first.
- In the event that system installation is not completed within 90 days from system shipment, due to no fault of Compunetix, customer shall be invoiced and obligated to make all final system payments upon expiration of the 90 day period.
- No items purchased from Compunetix, Inc. (i.e. documentation, software and/or hardware) may be resold or transferred to a third party without Compunetix' written consent.
- In no event shall Compunetix, Inc. be liable for any indirect, exemplary, incidental or consequential damages arising out of or otherwise relating to the performance or operation of the equipment quoted herein.
- Pricing is based on the customer providing network interfaces (i.e. CSUs, Echo Cancellers, Analog interfaces for operators, recorders, music annunciators, etc.) if necessary, unless otherwise specified herein.
- Pricing is based on the customer providing the entire cable plant for both the network interface (i.e., T1/E1's) and the operator consoles. Dedicated operator consoles must be located within 1000 feet of the central equipment. Remote operator consoles can be connected via dedicated or dial-up facilities. Network interfaces to the remote operator consoles (i.e. multiplexors, modems, etc.) are the responsibility of the customer unless otherwise specified herein.
- Title and ownership of equipment transfers to customer upon final payment (i.e. 100% payment has been made) by customer to Compunetix, Inc. for all systems supplied.
- Compunetix will hold Eagle Teleconferencing Services, Inc. harmless from any patent or trademark infringements in relation to using Compunetix equipment or software.
- Payment Terms for Services: 100%, Upon Completion of Services
- Payment Terms for Equipment:
  $100,000 Due Five (5) Days Prior to Shipment.
  Balance to be paid in eighteen (18) monthly installments beginning one month from date of system installation.
  FOB: Monroeville, PA: All freight charges, any applicable custom duties, VAT taxes, cartel fees etc. are to be borne by the Customer.
  Delivery 6-8 Weeks ARO (After Receipt of Order): Hybrid VoIP exchange to be scheduled.

### ORIGINAL EQUIPMENT WARRANTY

Compunetix, Incorporated warrants to the purchaser its product is free from manufacturing defects in material and/or workmanship for a period of one year from the date of original purchase, or from date of installation cutover if cutover occurs within ninety days of delivery to purchaser, when used in compliance with directions as outlined in the Manufacturers instructions, which will constitute reasonable and necessary care.

To be covered under this warranty, repairs must be made by returning the unit(s) postage prepaid to Compunetix, Incorporated at the address shown above or to the address of any authorized service center. In the event of failure covered under this warranty, the repaired or replaced unit will be returned by Compunetix, Incorporated without charge. Compunetix, Incorporated reserves the right of final decision to repair or exchange with a like unit. This warranty does not cover field service. Contact Compunetix, Incorporated or its authorized agent for instructions prior to returning any material for repair or replacement. Compunetix, Incorporated recommends that all returns be insured against shipping damage or loss.

COMPUNETIX, INCORPORATED MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER RELATING TO THE PRODUCT, INCLUDING THE CONDITION OF THE PRODUCT, ITS MERCHANTABILITY OR ITS FITNESS FOR ANY PARTICULAR PURPOSE except to the extent that a warranty is otherwise identified above. Compunetix, Incorporated liability being expressly limited to the replacement or credit for the value of the defective material. No responsibility is assumed for incidental or consequential damages nor damage due to misuse or the use of any unauthorized attachment, nor assumption of responsibility for damage by use of an unspecified electrical circuit. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above exclusion may not apply.

Warranty is void:
1. If the product is subjected to service or installation by anyone other than Compunetix, Incorporated, or authorized personnel.
2. If unauthorized modifications are made to the equipment or software.

Please reference Quote#: CD040601BJES on purchase order.

Approval: _____

Page 2 of 2

MAY-15-2007 TUE 03:35 PM COMPUNETIX INC          FAX NO. 4128581189          P. 04

**Compunetix, Inc.**
Communications Systems Division
2420 Mosside Boulevard, Monroeville, Pennsylvania 15146
Phone: 412-373-8110 Fax: 412-373-6990 CSDSales@Compunetix.com
Confidential/Proprietary
Quote for CONTEX Summit® (U.S. Version)
September 6, 2006

Quote #: C0040601 8JB5

Prepared for:
**Eagle Teleconferencing Services, Inc.**

| Qty | P/N | Item Description | Unit List Price | Extended Price | DISC % | Unit Discount Price | Extended Total Price |
|---|---|---|---|---|---|---|---|
| 1 | 00-892X-1152-DAT | 1,152 Port CONTEX Summit® System - AC | $1,407,744.00 | $1,407,744.00 | 69.3% | $432,000.00 | $432,000.00 |
| 1 | 00-Cost | Hybrid Option to Convert to VoIP | $10,000.00 | $10,000.00 | NA | $10,000.00 | $10,000.00 |
| | | Subtotal | | $1,417,744.00 | | | $442,000.00 |
| 1 | 20-3600-RSB-2760-00 | PC Server Platform RSB S/W (Includes one seat, server not included) | $24,000.00 | $24,000.00 | 100.0% | $0.00 | $0.00 |
| | | Subtotal | | $24,000.00 | | | $0.00 |
| 1 | 20-3600-WEB-480A | CONTEX Web - One Bridge (Server not included) | $15,000.00 | $15,000.00 | 100.0% | $0.00 | $0.00 |
| 1 | 20-3600-WEB-16 | CONTEX Web (16 User License) | $8,000.00 | $8,000.00 | 68.8% | $2,500.00 | $2,500.00 |
| 8 | 20-3600-WEB-B | CONTEX Web - Each Additional License | $500.00 | $4,000.00 | 100.0% | $0.00 | $0.00 |
| | | Subtotal | | $51,000.00 | | | $2,500.00 |
| 1 | 07-2616-ISS | Installation (per system)[3] | $8,750.00 | $8,750.00 | 42.9%[1] | $5,000.00 | $5,000.00 |
| 2 | 07-2616-ISS | Operator Training (per seat)[3] | $875.00 | $1,750.00 | 100.0%[1] | $0.00 | $0.00 |
| 1 | 00-Cost | Original Limited Warranty (per year)[3] | $0.00 | $0.00 | | $0.00 | $0.00 |
| 3 | 00-Cost | Enhanced Post Warranty Maintenance (for this configuration, per year, based on yearly rate of 12% of sale price of system excluding services)[3] | $53,340.00 | $160,020.00 | 100.0%[1] | $0.00 | $0.00 |
| | | Subtotal | | $170,520.00 | | | $5,000.00 |
| | | **TOTAL** | | **$1,639,264.00** | | | **$449,500.00** |

**Please Note:** Pricing and/or terms provided herein apply to this offer only and do not imply future pricing and/or terms.

**Please Note:** Compunetix, Inc. will retain ownership of and loan at no charge an EdgeLink 100 M13 T1/E1 system for T1 PSTN connectivity until the new Line Interface Rear Module (VoIP only) is available and exchanged.

**CONTEX Summit® System includes:** One (1) CONTEX Summit® rack mountable shelf (includes one (1) each of CPIO Front and Rear module, VS Front module, AE Front and Rear module and the appropriate number of line interface front and rear modules for the configuration ordered); two (2) CONTEX Summit® Maintenance Client Software License (PC not included); two (2) Windows Operator Console Software Licenses (PC and phone not included); one (1) System software package and license; one (1) CONTEX Summit® Documentation CD; one (1) year limited warranty.

[1]Special consideration for this offer only.
[2]Plus total travel and expenses at cost.
[3]This maintenance applies solely to CONUS located CONTEX Summit Systems. Remote access from Compunetix offices via TCP/IP connections required. All maintenance includes remote software support as required and on site hardware replacement (including T&E) as diagnosed via remote support. Please reference Quote#: C0040601 8JB5 on purchase order.

Approval: _[signature]_

5/400

Letter Agreement dated September 11, 2006, between Eagle Teleconferencing Services, (EAGLE) Inc., of New York and Compunetix Inc., of Monroeville, PA. It is hereby agreed and understood between the parties that 1152 port HYBRID IP/PSTN CONTEX Summit system is being purchased by Eagle under the following understading:

1. Compunetix will ship PSTN T1 based 1152 ports without IP for initial installation.

2. PSTN modules will be supplemented with new 240 port IP-only modles for a total capacity of 1152 ports, and is expected to be delivered and installed within six (6) months from original installation at no cost to Eagle.

3. Word HYBRID in reference to this letter means that with the new 240 port IP-only modules which will be installed within six (6) months from original installation the CONTEX Summit shall have the capability to handle both IP (internet protocol) calls on a single IP address with built in proxy server integration (IP proxy server hardware to be provided by EAGLE) and/or traditional PSTN calls over T1 modules with total capacity of 1152 ports. This system will allow the freedom to EAGLE to move back and forth between IP and PSTN, on a LIF module basis, at any time at its option and without notice to Compunetix.

4. Furthermore, Compunetix shall loan for EAGLE, install and maintain a DS3 mux (2) to convert the DS3 into T1 modules which is the present connectivity of its CONTEX Summit PSTN system. This equipment will be returned to Compunetix upon delivery of the new IP-only LIF Rear Modules.

5. If for any reason Compunetix cannot deliver the new 240 port IP-only modules within six (6) months from original installation this purchase agreement and quote# C0040S016JM5 will be null and void and all monies will be refunded with no further obligations between the parties. Upon receipt of the refund of payment from Compunetix, EAGLE shall allow Compunetix to pick up its equipment.

Eagle Agrees to purchase a 1152 port Contex Summit HYBRID System under the terms and conditions in this letter and as in Compunetix quote# C0040S016JM5 dated Sept 6th 2006. If an objection arises on the validity of terms & Conditions this letter Agreement shall prevail over the quote.


Quote includes:


1152 Port Contex Summit HYBRID System
    This one time offer includes both;
    -  T1 LIF Rear Modules (Hybrid)
    -  IP-only LIF Rear Modules
Two Operator Client S/w license
34 Contex Web license
PC Server
Hybrid IP Option - Software

Loan of Mux equipment (To be retuned to Compunetix upon delivery of IP-only
LIF Rear Module.)
Installation
Training
One year warranty
Three years Post warranty maintenance
US$100,000 down payment
Balance over 18 months starting with first payment 30 days after the install
date and rest on 60, 90, 120.. respectively.


Agreed and signed by both parties:


Kent Charugundla                       9/12/06
CEO,
Eagle Teleconferencing Services, Inc.


Name:
Title: Vice President AND Gen. Mngr.
Compunetix, Inc.                    19-September