UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EAGLE TELECONFERENCING SERVICES,     :     Civil Action No. 07 CIV 7827 (NRB)
INC.,
                                     :
              Plaintiff,
                                     :     **ANSWER and COUNTERCLAIMS**
     - against -
                                     :
COMPUNETIX, INC.,
                                     :
              Defendant.
                                     :
-------------------------------------------------------------X

Defendant Compunetix, Inc. ("Compunetix") by its attorneys Reed Smith LLP hereby

answers Eagle Teleconferencing Services, Inc.'s ("plaintiff") complaint, as follow:

1.    Denies knowledge and information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the complaint and therefore denies them.

2.    Admits the allegations set forth in paragraph 2 of the complaint.

3.    The allegations set forth in paragraph 3 of the complaint state legal conclusions to

which no response is required.  To the extent a response is required, Compunetix denies them.

4.    Denies the allegations set forth in paragraph 4 of the complaint, and respectfully

refers this Court to the parties' agreement for its terms and conditions, except admits that

pursuant to the terms of the parties' agreements, plaintiff made an initial payment of $100,000, a

subsequent payment of $24,138.88, but no other payments as it was obligated to make under the

parties' agreement.

5.    Denies the allegations set forth in paragraph 5 of the complaint, and respectfully

refers this Court to the parties' agreement for its terms and conditions.

6.    Denies the allegations set forth in paragraph 6 of the complaint, and respectfully

refers this Court to the parties' agreement for its terms and conditions.

7.    Denies the allegations set forth in paragraph 7 of the complaint.

8.    Admits the allegations set forth in paragraph 8 of the complaint.

9.    Denies the allegations set forth in paragraph 9 of the complaint.

10.     Denies the allegations set forth in paragraph 10 of the complaint, and respectfully refers this Court to the referenced writings as the documents speak for themselves.

11.     Denies the allegations set forth in paragraph 11 of the complaint.

12.     Denies the allegations set forth in paragraph 12 of the complaint, and respectfully refers this Court to the referenced writings as the documents speak for themselves, but admits that due to plaintiff's conduct, inaction and interference certain equipment was not installed within six months of the purchase order.

13.     As to paragraph 13 of the complaint, Compunetix repeats and realleges its responses to paragraphs 1 through 12 as if fully set forth herein.

14.     Denies the allegations set forth in paragraph 14 of the complaint.

15.     Denies the allegations set forth in paragraph 15 of the complaint.

16.     Denies the allegations set forth in paragraph 16 of the complaint, except admits that plaintiff commenced an action seeking various relief.

17.     As to paragraph 17 of the complaint, Compunetix repeats and realleges its responses to paragraphs 1 through 16 as if fully set forth herein.

18.     Denies the allegations set forth in paragraph 18 of the complaint.

19.     Denies the allegations set forth in paragraph 19 of the complaint.

20.     Denies the allegations set forth in paragraph 20 of the complaint.

21.     Denies the allegations set forth in paragraph 21 of the complaint.

22.     As to paragraph 22 of the complaint, Compunetix repeats and realleges its responses to paragraphs 1 through 21 as if fully set forth herein.

23.     Denies the allegations set forth in paragraph 23 of the complaint, and respectfully refers this Court to the parties' agreement for its terms and conditions.

24.     Denies the allegations set forth in paragraph 24 of the complaint, except admits that plaintiff returned equipment in a damaged condition and in violation of the parties' agreement.

25.    Denies the allegations set forth in paragraph 25 of the complaint and respectfully refers this Court to the parties' agreement for its terms and conditions.

26.    Denies the allegations set forth in paragraph 26 of the complaint.

27.    Denies the allegations set forth in paragraph 27 of the complaint, and respectfully refers this Court to the referenced writings as the documents speak for themselves.

28.    Denies the allegations set forth in paragraph 28 of the complaint.

29.    As to paragraph 29 of the complaint, Compunetix repeats and realleges its responses to paragraphs 1 through 28 as if fully set forth herein.

30.    Denies the allegations set forth in paragraph 30 of the complaint, and respectfully refers this Court to the parties' agreement for its terms and conditions.

31.    Denies the allegations set forth in paragraph 31 of the complaint, but admits that it is a seller of certain telecommunications equipment and software.

32.    Denies the allegations set forth in paragraph 32 of the complaint.

33.    Denies the allegations set forth in paragraph 33 of the complaint.

34.    Denies the allegations set forth in paragraph 34 of the complaint.

35.    Denies the allegations set forth in paragraph 35 of the complaint.

36.    Denies the allegations set forth in paragraph 36 of the complaint.

37.    Denies the allegations set forth in paragraph 37 of the complaint, except admits that plaintiff commenced an action seeking various relief.

38.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint and therefore denies them.

## FOR A FIRST DEFENSE

39.    Plaintiff's complaint fails to state a claim as a matter of law.

## AS AND FOR A SECOND DEFENSE

40.    Plaintiff's claims are barred in whole or in part because of waiver, acquiescence, ratification and/or consent to the conduct challenged in the complaint.

## AS AND FOR A THIRD DEFENSE

41.    Because plaintiff failed to take any action or press any objection to the conduct challenged in the complaint, plaintiff's claims are barred n whole or in part by the doctrine of laches.

## AS AND FOR A FOURTH DEFENSE

42.    The parties' agreement specifically excludes plaintiff's recovery for consequential damages.

## AS AND FOR A FIFTH DEFENSE

43.    Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH DEFENSE

44.    Plaintiff has failed to join indispensable parties.

## AS AND FOR A SEVENTH DEFENSE

45.    Plaintiff does not have standing to bring the claims asserted in the complaint.

## AS AND FOR AN EIGHTH DEFENSE

46.    Plaintiff is not entitled to any relief as Compunetix's right of setoff for payments due exceed any possible judgment in plaintiff's favor.

## AS AND FOR A NINTH DEFENSE

47.    The recovery of plaintiff is barred in whole or in part by the negligence of plaintiff.

## AS AND FOR A TENTH DEFENSE

48.    Compunetix was not negligent in any manner.

## AS AND FOR AN ELEVENTH DEFENSE

49.    Compunetix gives notice that it intends to reply upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend this Answer to answer such defenses.

## AS AND FOR A TWELFTH DEFENSE

50.    Plaintiff's claims for incidental and consequential damages are barred by the parties' agreement.

## AS AND FOR A THIRTEENTH DEFENSE

51.    Plaintiff's claims based upon implied warranties are barred by the parties' agreement.

## AS AND FOR A FOURTEENTH DEFENSE

52.    Plaintiff's claims based upon express warranties are barred due to plaintiff's failure to comply with the terms of the express warranties.

## AS AND FOR A FIFTEENTH DEFENSE

53.    Plaintiff, by its own actions, voided the express warranties contained in the parties' agreement.

## AS AND FOR A SIXTEENTH DEFENSE

54.    Plaintiff, by its own actions, frustrated Compunetix's performance under the parties' agreement.

## FOR A COUNTERCLAIM

55.    On or about September 6, 2006, the parties entered into an agreement for the purchase of certain conference calling equipment and related services.  The cost for the goods and services plaintiff wanted totalled $1,639,264.00.

56.    Plaintiff, however, not wanting to full price to acquire this equipment and services demanded Compunetix take steep discounts on its contract prices.

57.    In order to obtain a new client, Compunetix did provide plaintiff with a steep discount provided it complied with the terms of the parties' agreement, and, based upon this discount, was selling plaintiff the generic version of its system without any upgrades or customizations.  Indeed, the parties' agreement reflects that no upgrades or customizations were purchased by plaintiff.

58.    Pursuant to the parties' agreement, the purchase price for the system plaintiff purchased, with steep discount, was $449,500.00 (this price included a $5,000 Installation fee). Plaintiff was also responsible for Travel and Expenses in the amount of $3,541.25 and Freight in the amount of $717.95. Plaintiff made an initial payment of $100,000 pursuant to the terms of the agreement, paid the Installation Fee of $5,000, but then only one of the eighteen required monthly payments thereafter – each payment was to be in the amount of $19,138.88.

59.    To the extent there were any issues in the system sold to plaintiff, Compunetix fixed them. Moreover, while it was not required to do so and plaintiff had not purchased such customization, Compunetix attempted to accommodate plaintiff's demands for additional system features.

60.    As clearly explained in correspondence to plaintiff, the "issues" plaintiff concocted were not due to the system itself, but with what plaintiff was trying to use it for, and that the efforts Compunetix was undertaking were not purchased or contemplated by the parties when the agreement was executed.

61.    In violation of the parties' agreement, and voiding the express warranties of the parties' agreement, plaintiff then returned equipment to Compunetix in an inappropriate manner and damaged.

62.    Despite Compunetix's efforts to accommodate a new client, plaintiff refused to pay the remaining balance of the amount owed under the parties' agreement.

63.    Based upon plaintiff's numerous breaches of the parties' agreement, Compunetix has been damaged in an amount to be determined at trial, but in no instance less than $329,620.32.

## AS AND FOR SECOND COUNTERCLAIM

64.    Plaintiff ordered teleconferencing goods and services from Compunetix.

65.    Compunetix, at cost and expense to itself, provided those teleconferencing goods and services to Plaintiff.

66.    Plaintiff has been benefited thereby but has not paid for any of the teleconferencing goods or services Compunetix provided.

67.    As a result, Compunetix is entitled to an amount to be determined at trial, but in no instance less than $1,639,264.00 based upon quantum meruit.

68.    Compunetix has no adequate remedy at law.

### AS AND FOR A THIRD COUNTERCLAIM

69.    Plaintiff ordered teleconferencing goods and services from Compunetix.

70.    Compunetix provided those teleconferencing goods and services to plaintiff. Plaintiff used those goods and services and generated income therefrom.

71.    A benefit has been bestowed upon plaintiff as a result of Compunetix's actions.

72.    Plaintiff has not paid Compunetix for the teleconferencing goods and services it ordered and has been unjustly enriched in an amount to be determined at trial but in no instance less than $1,639,264.00.

73.    Compunetix has no adequate remedy at law.

**WHEREFORE**, Compunetix respectfully requests that this Court enter judgment in its favor and against plaintiff and award Compunetix such other and further relief as this Court deems appropriate.

Dated:    New York, New York
          October 5, 2007

                                        REED SMITH LLP

                                        By:_____
                                              Scott S. McKessy (SM-5479)
                                        599 Lexington Avenue
                                        New York, New York  10022
                                        (212) 521-5400

                                        Attorneys for Defendant Compunetix, Inc.

TO:    Harry J. Friedberg, Esq.
       551 Firth Avenue – Suite 515
       New York, New York 10176
       Attorney for Plaintiff
       Eagle Teleconferencing Services, Inc.

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF NEW YORK  )

Betzaida Torres, being duly sworn, deposes and says:

I am an employee of the law firm of Reed Smith LLP, the attorneys for defendant

Compunetix, Inc. in the within action.  I am not a party to the action, am over 18 years of

age and reside in Richmond County, New York.

On October 5, 2007, I caused the within Answer and Counterclaims to be served

by first class mail, postage prepaid, addressed as follows:

> Harry J. Friedberg, Esq.
> 551 Firth Avenue – Suite 515
> New York, New York 10176

_____
Betzaida Torres

Sworn to before me this
5th day of October, 2007.

_____
Notary Public

SANDRA ANCHUNDIA-RAMOS
Notary Public, State of New York
No. 31-4919484
Qualified in Queens County
Commission Expires February 16, 20 10